COURT OF APPEALS
DECISION
DATED AND FILED

March 8, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1608-CR**

Cir. Ct. No. 2019CT352

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

LINSEY NICHOLE HOWARD,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Ozaukee County: STEVEN MICHAEL CAIN, Judge. *Affirmed.*

¶1     GROGAN, J.[1]  Linsey Nichole Howard appeals from a judgment entered after she pled guilty to operating with a restricted, controlled substance

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

(second offense) contrary to WIS. STAT. § 346.63(1)(am). Howard contends the circuit court erred in denying her suppression motion because she believes the arresting officer lacked probable cause to believe she was operating a vehicle under the influence. This court affirms.

## I. BACKGROUND

¶2      While on patrol in August 2019, Officer Peter Morton of the Grafton Police Department conducted a traffic stop of Howard's car on an "on-ramp" to Interstate 43 (I-43) because she was driving without headlights on at 12:53 a.m.[2] Morton observed that Howard seemed nervous, would not make eye contact, and had lethargic speech. Howard denied drinking or using drugs, but she did admit to taking prescription medications for depression.

¶3      Howard appeared to be lost and confused, and when Morton asked where she was coming from, she indicated Summerfest; however, her passenger corrected her and indicated they had been at the Wisconsin State Fair. Howard also indicated she was trying to drop her passenger off at Kohl's. Suspecting that Howard was possibly impaired, Morton asked Howard to perform field sobriety tests. Morton observed six clues on the horizontal gaze nystagmus (HGN) test, which he explained was "indicative of impairment for that test." Because Howard has a prosthetic leg, Morton did not conduct either the walk-and-turn or one-leg stand field sobriety tests. Instead, Morton had Howard perform the alphabet test, which she passed, and the number test (counting and stopping at a certain number

---

[2] Morton was promoted to sergeant shortly before the suppression hearing; however, this opinion refers to him as "Officer," which was his title at the time of the traffic stop. The facts presented herein are taken primarily from Morton's testimony at the February 2022 suppression hearing.

2

as directed), which she did not pass. Morton thereafter conducted a preliminary breath test (PBT) of Howard, which returned a result of zero.[3]

¶4 Based on his interactions with Howard and her overall performance on the field sobriety tests, Morton arrested Howard because he believed she was under the influence.[4] The State charged Howard with operating while under the influence (OWI) (second offense), possession of drug paraphernalia, and operating with a restricted, controlled substance (second offense). Howard filed a motion to suppress, alleging Morton lacked probable cause to arrest her for OWI. The circuit court held an evidentiary hearing in February 2022, and Morton was the only witness to testify. The court concluded that based on the totality of the circumstances, Morton had probable cause to arrest and denied the motion. It reasoned that the time of day, the lack of headlights, the HGN test, the evasive behavior (lack of eye contact), lethargic speech, and Howard's confusion over where she was coming from and going to was sufficient to satisfy probable cause. Specifically, the court stated:

> And when we look at the totality of the circumstances I think it absolutely adds up to be probable cause. This is not beyond a reasonable doubt. This is a probable cause standard. And I think there was probable cause to arrest based on the totality of the circumstances. Deny the motion.

---

[3] A "zero" result on a PBT does not necessarily indicate that the individual is not under the influence of a controlled substance.

[4] Morton's assisting officer reported to Morton that there was "an overwhelming odor of marijuana coming from the vehicle." However, by the time he informed Morton of the odor, Morton "had already … placed [Howard] under arrest for operating while under the influence." A search of Howard's vehicle after Howard had been placed under arrest also resulted in the discovery of drug paraphernalia consistent with marijuana use. Because Morton learned this information after he had already placed Howard under arrest, it is not relevant as to whether there was probable cause to arrest in this case.

¶5      Howard entered into a plea bargain where she pled guilty to operating with a restricted, controlled substance (second offense), and the other two charges were dismissed but read in.  She now appeals.

## II.  DISCUSSION

¶6      When reviewing a suppression motion, this court "will uphold the trial court's findings of fact unless they are clearly erroneous."  *State v. Roberts*, 196 Wis. 2d 445, 452, 538 N.W.2d 825 (Ct. App. 1995).  However, whether a set of facts constitutes probable cause is a question of law this court reviews de novo.  *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994).

¶7      This court examines the issue of probable cause anew and without deference to the circuit court.  *See id.*  In deciding whether probable cause exists, this court looks at whether the totality of the circumstances within the officer's knowledge at the time would lead a reasonable police officer to believe the defendant was operating a motor vehicle while under the influence of an intoxicant.  *State v. Nordness*, 128 Wis. 2d 15, 36-37, 381 N.W.2d 300 (1986).  The objective facts before a police officer need not prove guilt beyond a reasonable doubt; rather, they are sufficient if they lead to the conclusion that a violation of the law is more than a mere possibility.  *State v. Richardson*, 156 Wis. 2d 128, 148, 456 N.W.2d 830 (1990).

¶8      Whether probable cause exists is an objective test.  *See id.*  Probable cause exists if the totality of the circumstances "'would lead a reasonable police officer to believe that the defendant probably'" was driving under the influence.  *Nordness*, 128 Wis. 2d at 35 (citations omitted).  In reviewing whether probable cause exists, courts may consider the officer's training and investigative experience.  *State v. Wille*, 185 Wis. 2d 673, 683, 518 N.W.2d 325 (Ct. App.

1994). "When a police officer is confronted with two reasonable competing inferences, one justifying arrest and the other not, the officer is entitled to rely on the reasonable inference justifying arrest." *State v. Kutz*, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660.

¶9 Officer Morton was the only witness to testify at the suppression hearing, and as previously noted, he provided the following testimony as it relates to the question of probable cause. Morton was trained in investigating drivers suspected to be under the influence, including administering field sobriety tests. He stopped Howard at approximately 12:53 a.m. because she was driving without her headlights on, and the stop occurred on the northbound "on-ramp" to I-43 because Howard was attempting to get on the freeway. Howard "seemed very nervous[,]" "[d]id not want to make eye contact," and "had lethargic speech[,]" all of which caused Morton to suspect Howard was possibly operating while impaired. Morton asked Howard multiple questions, including where she was coming from and going to, and although Howard indicated that "they were coming from Summerfest[,]" her passenger said they were actually coming from the state fair. When Morton performed field sobriety tests, he observed six clues on the HGN test, "which is indicative of impairment," and although Howard passed the alphabet test, she did not successfully complete the number test. It was at that point that Morton believed Howard was possibly under the influence and asked her to do the PBT test.

¶10 Although the PBT returned a "zero" result, Morton testified that the totality of the circumstances, which included Howard's "driving behavior[] and the dialogue" he "had with her[,]" led him to believe Howard was operating while impaired. He confirmed that his conclusion was based on Howard driving without her headlights on, the field sobriety test results, Howard's failure to follow

5

instructions on the field sobriety tests, and Howard's nervousness,[5] and the circuit court ultimately concluded there was probable cause based on the totality of these circumstances.

¶11    Considering the foregoing, this court cannot conclude the circuit court erred in denying Howard's motion to suppress.  Under the "totality of the circumstances" test, it was reasonable for the officer to conclude that Howard was probably operating while impaired.  She was driving in the dark without her headlights on, was confused about where she was coming from and where she was going to, failed the HGN test, appeared nervous, and avoided eye contact.  The time of day—12:53 a.m.—was also a proper consideration.  *See **State v. Post***, 2007 WI 60, ¶36, 301 Wis. 2d 1, 733 N.W.2d 634 (driving at 9:30 p.m. gave "credence" to suspicion driver was intoxicated).  Although it was not precisely "bar time," almost 1:00 a.m. is a common time for people to drive home from a social activity.  *See, e.g.*, ***State v. Anagnos***, 2012 WI 64, ¶58, 341 Wis. 2d 576, 815 N.W.2d 675 (referencing "officer's experience that he is more likely to encounter impaired drivers at 1:15 in the morning").

¶12    Confusion and disorientation are also factors that can contribute to the belief that a driver may be impaired.  *See **State v. Begicevic***, 2004 WI App 57, ¶9, 270 Wis. 2d 675, 678 N.W.2d 293.  Here, Howard was confused about where she was coming from and disoriented as to where she was going.  Howard's

---

[5] On cross-examination, Howard's attorney suggested, based on the video of Morton's body camera, that Morton did not conduct the HGN test properly.  Although the parties played the video at the suppression hearing, the video is not part of the appellate Record, and therefore this court does not consider it.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("An appellate court's review is confined to those parts of the record made available to it.").

failure on the HGN field sobriety test, inability to follow directions, and inability to successfully complete the number test also support a probable cause determination. *See* ***City of West Bend v. Wilkens***, 2005 WI App 36, ¶¶1, 20, 278 Wis. 2d 643, 693 N.W.2d 324. The circuit court did not err in denying Howard's suppression motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.